DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:06 CR 162 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Letricia Epps, | ) ) | |
| Defendant. | ) | |

### Introduction

The Court conducted the sentencing hearing of the defendant Letricia Epps. The Court determined that the defendant's total offense level was 31 with a criminal history category of III calling for a sentencing range under the advisory sentencing guidelines of 135 to 168 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 135 months with supervised release for a period of five years.

### II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(5:06 CR 162)

The offense conduct is set forth as follows:

> Approximately two years ago, the FBI and local law enforcement initiated an investigation into the drug trafficking activities of the Ronald Dede drug trafficking organization. The investigation established that Dede had customers in Canton, Ohio. Dede ordered cocaine from Arizona resident, Craig Dawson who was assisted by the defendant who also resided in Arizona.
>
> Prior to a cocaine shipment arriving in Ohio, Dede would fly into Cleveland or Pittsburgh and collect money owed to him from the last cocaine shipment. Meanwhile, Dawson and the defendant would fly into Ohio to meet with Dede. They would count the money Dede collected to make sure there would not be a rip-off. Dawson would then call his cocaine source, Oswaldo Sanchez, to inform him the money had been collected. Sanchez, already in Canton, would dispatch the driver of the load car to the cocaine drop-off location.
>
> During the period of the conspiracy, the defendant traveled to the Canton, Ohio area at the request of Ronald Dede to provide security for drug monies collected by Dede while he collected additional monies owed from previously distributed cocaine. The defendant assisted Dede in the counting of the cash.
>
> The defendant traveled to Ohio from Arizona on, at least five occasions, to participate in the conspiracy.

The defendant is a 39 year-old female with two prior convictions for drug-related offenses. In 1993, she was arrested for Armed Robbery. The charge was dismissed in a plea deal.

A life-long resident of Arizona, the defendant was raised by her grandmother whom she describes as the "rock of her life." She was abandoned by her mother when she was eight years old and she has no knowledge of her biological father. The defendant has a good relationship

2

(5:06 CR 162)

with her siblings and maintains contact with them. She has never been married and has no children.

The defendant has worked primarily in food-service jobs. Most recently, she and her sister operated a catering business.

The defendant suffers from bronchitis, dehydration and occasional swelling.

The defendant suffers from bi-polar disorder. She has also reported experiencing visual and aural hallucinations and anxiety.

The defendant began abusing marijuana and alcohol at age 13. She believes she is addicted to both substances.

The defendant's acceptance of responsibility is set forth in paragraph 23 of the presentence report as follows:

> "I Letricia J. Epps accept my role in the drug conspiracy. I also give a full statement to the F.B.I. and also have cooperated fully."
> [sic]

**(2)  The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The defendant engaged in a significant way with an interstate cocaine conspiracy that involved large sums of money and large quantities of cocaine. Respect for the law and just punishment will be served by a sentence of 135 months.

**(B)  to afford adequate deterrence to criminal conduct;**

A sentence of 135 months will provide adequate deterrence to criminal conduct.

(5:06 CR 162)

                        (**C**) **to protect the public from further crimes of the defendant;**

The defendant is now 39. She will be approaching the age of 50 at release. By that time in the defendant's life the impact of a lengthy sentence should act to protect the public from further crimes of the defendant.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

Incarceration should provide the defendant with needed medical care for her condition of bronchitis, dehydration and occasional swelling. The incarceration should also assist the defendant in dealing with her drug and alcohol addiction. The defendant has operated a catering business. She should have the opportunity to improve her culinary skills to assist in a return to a catering business upon release from incarceration.

## CONCLUSION

For the reasons set forth herein, a sentence of 135 months with supervised release for five years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

    IT IS SO ORDERED.


 November 7, 2006                                 */s/ David D. Dowd, Jr.*
Date                                                   David D. Dowd, Jr.
                                                                U.S. District Judge